# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

EDWARD TREMPER,                ) 3:16-cv-00707-HDM-VPC
                               )
            Plaintiff,         )
                               ) ORDER
vs.                            )
                               )
CYNTHIA ANN VINING and JOHN    )
VINING,                        )
                               )
            Defendants.        )
_____)

Before the court is the defendants' motion to dismiss plaintiff's first amended complaint (ECF No. 20). Defendants move for dismissal on the grounds that the complaint does not satisfy the pleading standards under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Plaintiff has opposed (ECF No. 22), and defendants have replied (ECF No. 27).

Plaintiff Edward Tremper ("plaintiff") filed his first amended complaint on January 18, 2017, asserting seven causes of action against his daughter, Cynthia Ann Vining, and one cause of action against Cynthia's husband, John Vining. Plaintiff alleges that Cynthia improperly transferred $454,000.00 from an account owned by

1

1  plaintiff to which Cynthia had been added for estate planning,
2  convenience and emergency purposes, only.  Plaintiff asserts that
3  he and Cynthia orally agreed that absent authorization from
4  plaintiff, Cynthia was not to withdraw any funds from the account
5  until plaintiff's death.  Generally, the defendants argue that
6  because Cynthia was a co-owner of the account, she had the legal
7  right to withdraw the funds and that the parol evidence rule bars
8  any claim of a contrary oral agreement because the account
9  agreement entered into between plaintiff, Cynthia, and the bank is
10 a written agreement between plaintiff and Cynthia.  Defendants
11 argue that they therefore cannot be liable under any of plaintiff's
12 causes of action.  Defendants also argue that plaintiff's complaint
13 fails to plead sufficient facts to state plausible claims for
14 relief and that plaintiff's fraud claim fails to satisfy the
15 heightened pleading standard of Rule 9(b).

16    In considering a motion to dismiss under Rule 12(b)(6), the
17 court must accept as true all material allegations in the complaint
18 as well as all reasonable inferences that may be drawn from such
19 allegations.  *LSO, Ltd. v. Stroh,* 205 F.3d 1146, 1150 n.2 (9th Cir.
20 2000).  The allegations of the complaint also must be construed in
21 the light most favorable to the nonmoving party.  *Shwarz v. United*
22 *States*, 234 F.3d 428, 435 (9th Cir. 2000).  However, legal
23 conclusions are not entitled to the presumption of truth.  *Ashcroft*
24 *v. Iqbal*, 556 U.S. 662, 679 (2009).

25    "Under the notice pleading standard of the Federal Rules,
26 plaintiffs are only required to give a 'short and plain statement'
27 of their claims in the complaint."  *Paulsen v. CNF, Inc.*, 559 F.3d
28 1061, 1071 (9th Cir. 2009) (quoting *Diaz v. Int'l Longshore &*

2

*Warehouse Union, Local 13,* 474 F.3d 1202, 1205 (9th Cir. 2007)). While this rule "does not require 'detailed factual allegations,'" it "must contain sufficient factual matter . . . to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A pleading is insufficient if it offers only labels and conclusions, a formulaic recitation of the elements of a cause of action, or "naked assertions devoid of further factual enhancement." *Id.* (internal punctuation omitted).

Under Rule 9(b), "a party must state with particularity the circumstances constituting fraud . . . . Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). To comply with the rule, the complaint must state with particularity the circumstances constituting the fraud, including an account of the "time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004). "[A]llegations of fraud must be 'specific enough to give defendants notice of the particular misconduct which is alleged to constitute the fraud charged so that they can defend against the charge and not just deny that they have done anything wrong.'" *Bly-Magee v. California*, 236 F.3d 1014, 1019 (9th Cir. 2001) (internal punctuation omitted).

The court concludes that the plaintiff's first amended complaint states claims for relief that are plausible on their

3

face, thus satisfying the Rule 12(b)(6) standard, and alleges sufficient facts to satisfy the heightened pleading standard of Rule 9(b). Accordingly, the defendants' motion to dismiss (ECF No. 20) is DENIED without prejudice to renew at the close of discovery as a motion for summary judgment.

IT IS SO ORDERED.

DATED: This 27th day of February, 2017.

_____
UNITED STATES DISTRICT JUDGE

4